UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SUZANA GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | No. EDCV 05-0879 FFM<br><br>MEMORANDUM OPINION;<br>ORDER THEREON |

Plaintiff filed a complaint on September 20, 2005, seeking review of the Commissioner's denial of plaintiff's application for social security disability insurance benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on May 12, 2006. Thus, this matter is now ready for decision.

This memorandum opinion shall constitute the Court's findings of fact and conclusions of law.

**PROCEDURAL HISTORY**

Plaintiff, who was thirty-eight years old at the time of the decision (AR 35), is a high school graduate with some vocational training and past relevant work as a scan supervisor (AR 29, 417). She protectively filed her application for benefits on August 2, 2003, alleging inability to work since August 10, 2001, due to two bulging discs in the neck, bilateral rotator cuff tendinitis, and surgery for a torn meniscus. (AR 61-63,

74). She complained, inter alia, that she could not do any repetitive motion in the neck and that she could not hold her arms out. (AR 74). Her claim was denied, and she requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on October 26, 2004 (AR 415-73), at which time plaintiff indicated that she was seeking a closed period of disability only from August 10, 2001, to July, 2004 (AR 428; see AR 400). By decision dated January 26, 2005, the ALJ denied her claim, finding that although she was unable to perform her past relevant work, she was able to perform other work existing in significant numbers in the national economy based upon vocational expert testimony. (AR 29-37). Plaintiff's request for Appeals Council review was denied, making the decision of the ALJ the final decision of the Commissioner. (AR 4-8).

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the sole issue that plaintiff is raising as grounds for reversal and or remand is whether the ALJ's reliance upon the vocational expert's testimony is based upon substantial evidence when his hypothetical question did not include all the limitations he found.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); *Desrosiers v. Secretary of Health & Human Servs.*, 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting

evidence. *Green v. Heckler*, 803 F.2d 528, 929-30 (9th Cir. 1986). Where evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld. *Gallant v. Heckler*, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

The ALJ's stated finding was that plaintiff retained the residual functional capacity to: "lift/carry 10 pounds or less frequently and occasionally; *perform no pushing or pulling*, kneeling or squatting; occasionally stoop; and, has no limitation as to walking, standing or sitting." (Emphasis added). (AR 34, 36).

None of the hypothetical questions posed to the vocational expert included a restriction of "no pushing or pulling." Rather, the hypotheticals indicated either that plaintiff was limited to pushing and pulling "up to 10 pounds" (AR 463) or simply that "pushing and pulling is limited in the upper extremities" (AR 464).

Plaintiff contends, therefore, that the vocational expert's testimony is not supported by substantial evidence, because the testimony was based upon a hypothetical which did not accurately reflect those limitations which the ALJ found. *Thomas v. Barnhart,* 278 F.3d 947, 956 (9th Cir. 2002) ("In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record.") (citations omitted).

The Commissioner argues that the ALJ's finding as to pushing and pulling was a decision-writing error. (Joint Stipulation ("JS") 9). However, reviewing the record as a whole, the Court cannot conclude that the ALJ's finding was necessarily a typographical error. The ALJ repeats this finding in two additional places in his decision. Therefore, because the hypothetical did not accurately reflect the limitations found by the ALJ, the vocational expert's testimony does not support the decision. To the extent the decision contains typographical errors, the ALJ may remedy them upon remand. To the extent the ALJ intended to find the plaintiff is precluded from pushing and pulling, additional testimony from the vocational expert will be required.

**ORDER**

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), it is ordered that judgment be ordered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this memorandum opinion.

IT IS SO ORDERED.

DATED:  February 1, 2007                              /S/ FREDERICK F. MUMM
                                                                            FREDERICK F. MUMM
                                                                            United States Magistrate Judge

**ORDER**

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), it is ordered that judgment be ordered reversing the decision of the Commissioner of Social Security, and remanding this matter for further administrative proceedings consistent with this memorandum opinion.

IT IS SO ORDERED.

DATED:  February 1, 2007                    /S/ FREDERICK F. MUMM
                                                      FREDERICK F. MUMM
                                                     United States Magistrate Judge